IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01045-WYD

ROY M. BILLINGSLEY,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

---

## ORDER

---

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for Supplemental Security Income ["SSI"].  For the reasons stated below, this case is reversed and remanded to the Commissioner for further fact finding.

I.    <u>BACKGROUND</u>

In early 2010, Plaintiff filed his application for SSI alleging disability due to back problems.  (Administrative Record ["AR"] 24, 140-50.)  Plaintiff was 55 years old at the time of the amended onset date of August 11, 2010.   (*Id.* 181.)  His past work was as a Tractor/Trailer Truck Driver, Security Guard, Van Mover Helper, Window/Door Installer, and Trash Collector.  (*Id* 30.)

Plaintiff's application was denied initially (AR 94-99) and an administrative hearing (*id*. 36-73) was held by an Administrative Law Judge ["ALJ"].  In April 2012, the

ALJ determined that Plaintiff was not disabled under the Social Security Act ["the Act"]. (*Id.* 24-31.)

More specifically, in the sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found at step one that Plaintiff may have performed some substantial gainful activity since August 11, 2010, the amended alleged onset date.  (AR 26.)  However, as Plaintiff was found not to be disabled, the ALJ stated she would "forego any further development of this issue in order to avoid delay of issuance of this decision."  (*Id.* 27.)

At step two, the ALJ found that Plaintiff has the severe impairment of lumbar degenerative joint disease.  (AR 27.)  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (*Id.*)   The ALJ then addressed Plaintiff's residual functional capacity ["RFC"].  (*Id.* 27-30.)  She found that Plaintiff has the RFC "to perform light work as defined in 20 C.F.R. 416.967(b), with maximum lifting of 30 pounds, that does not require exposure to unprotected heights."  (*Id.* 27.)

The ALJ found at step four that Plaintiff is capable of performing past relevant work as a Security Guard.  (AR 30.)  Accordingly, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from December 31, 2004, through the date of this decision."  (*Id.* 31.)

The Appeals Council denied Plaintiff's request for review of the ALJ's decision (AR 1-5), making the ALJ's decision the Commissioner's final decision.  *See* 20 C.F.R. § 422.210(a).  Plaintiff timely requested judicial review, and this appeal followed.

Plaintiff argues that the ALJ erred as the RFC finding is not stated on a function-by-function basis, and that the ALJ failed to account for limitations given substantial weight.  He also argues that the ALJ improperly rejected his treating physician's opinion. Plaintiff requests that the Commissioner's decision be reversed and that benefits be awarded without a remand for a new hearing.  If an award of benefits is not deemed appropriate, then Plaintiff requests a remand for a new hearing.

II.    ANALYSIS

A.    Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  "It requires more than a scintilla of evidence but less than a preponderance of the evidence."  *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence."  *Thompson v. Sullivan*,  987 F.2d 1482, 1487 (10th Cir. 1993).  However, the court "must 'exercise common sense' in reviewing an ALJ's decision and must not 'insist on technical perfection.'"  *Jones v. Colvin*, 514

F. App'x 813, 823 (10th Cir. 2013) (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (2012)).

The ALJ's decision must be evaluated "based solely on the reasons given stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).  A post-hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance.  *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).  Thus, I will not consider post-hoc arguments of the Commissioner.

B.    The Merits of Plaintiff's Arguments

1.    The Treating Physician's Assessment

I first address Plaintiff's argument that the ALJ did not properly weigh the opinion of Dr. Luna, the treating physician.  Dr. Luna opined that based upon Plaintiff's disc disease and bulge, he could work 1-2 hours per day; would need to take a break every fifteen minutes for ten minutes; would miss more than three days of work per month; could lift five pounds both occasionally and frequently; could sit 30 minutes at once and two hours per day; could stand/walk thirty minutes at once and one hour per day; would need the option to sit, stand, or walk at will; would need to walk around every fifteen minutes for ten minutes; could reach thirty minutes at one time and two hours total per workday; could handle and finger forty-five minutes at one time and two hours per workday; could never bend or crouch; and would need to avoid all exposure to heights and moving machinery.  (AR 330-32.)  Dr. Luna opined that Plaintiff's limitations were effective February 2, 2012.  (*Id.* 332.)

The ALJ stated she was "unable to give any weight to Dr. Luna's opinion" because she found that Dr. Luna contradicted herself in her opinion.  (AR 29.)  I find

several errors with this.  First, regardless of any inconsistency in her report, the ALJ violated the treating physician rule.   This requires that when weighing a treating physician's opinion, the ALJ "complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).  The initial determination the ALJ must make is whether the treating physician's medical opinion "is conclusive, i.e., is to be accorded 'controlling weight,' on the matter to which it relates." *Id.*  "Such an opinion must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id.*  The ALJ failed to make this determination.

Thus, even if there were an inconsistency in Dr. Luna's report, this does not allow the ALJ to simply reject the report in its entirety.  Instead, Dr. Luna's opinion had to be properly weighed.  Even if not entitled to controlling weight, Dr. Luna's opinion was entitled to deference and should have been weighed using the factors relevant to treating physician's opinions.  The record does not indicate that the ALJ gave Dr. Luna's opinion deference as required or that she weighed the relevant factors as to the weight to be given Dr. Luna's opinion.  As explained by the Tenth Circuit, "[e]ven if a treating opinion is not given controlling weight, it is still entitled to deference; at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Krauser,* 638 F.3d at 1330.  "If this is not done, a remand is required." *Id.* The ALJ's failure to properly weigh Dr. Luna's opinion is significant because she was

the only treating physician to offer an opinion of limitations, and her opinion would have resulted in a finding of disability.

I also tend to agree with Plaintiff that the ALJ is reading a contradiction into Dr. Luna's opinion where one does not exist.  Dr. Luna stated Plaintiff can work 1-2 hours per day.  (AR 330.)  She opined that Plaintiff can spend up to two hours per day sitting and up to one hour per day standing/walking.  (*Id.* 331.)  However, Dr. Luna did not state that Plaintiff could perform sitting for two hours per day on the same day that he spent standing/walking for one hour.  Rather, she merely stated Plaintiff could potentially sit for two hours in a day and could potentially stand/walk for one hour in a day.  Because Dr. Luna opined Plaintiff can only work for 1-2 hours per day, it is clear that she did not believe Plaintiff could perform both of these activities, at their maximum duration, in the same day.  At the very least, rather than make an assumption that Dr. Luna believed Plaintiff could perform two hours of sitting and one hour of standing/ walking in the same day, the ALJ should have sought additional evidence from Dr. Luna.  20 C.F.R. § 416.912(e) (requiring an ALJ to seek additional evidence or clarification from a medical source when faced with a conflict or ambiguity that required resolution); *see also Kilpatrick v. Astrue*, 502 F. Appx. 801, 805 (10th Cir.2012) (unpublished).

The errors in the assessment and weighing of Dr. Luna's opinion require that this case be remanded to the Commissioner.

2.    Failure to Account for Limitations Given Substantial Weight

I also agree with Plaintiff that the ALJ failed to account for limitations in the opinion of consultative examiner Dr. Borja that the ALJ purportedly gave weight to.

Dr. Borja diagnosed low back pain with radicular symptoms and obesity.  (AR 263.)

She opined that Plaintiff could stand/walk eight hours per day with breaks every one to

two hours, as standing may become increasingly difficult over time.  (AR 263.)  Dr. Borja

also opined that Plaintiff can sit eight hours per workday with breaks every one to two

hours, as sitting may become increasingly difficult over time, and that he can lift/carry up

to thirty pounds, but repetitive carrying and lifting is not recommended.  (*Id.*)  Finally,

she opined that Plaintiff should avoid unprotected heights and ladders. (*Id.*)

The ALJ found that Dr. Borja's opinion was "supported by the objective medical

signs and findings and consistent with the other substantial evidence of record" and

thus gave it "substantial weight".  (AR 29.)  However, the ALJ failed to account for three

limitations imposed by Dr. Borja:  the need to take breaks from standing, the need to

take breaks from sitting, and the prohibition against repetitive lifting and carrying.  (AR

263.)  Dr. Borja expressed her opinion regarding Plaintiff's need to take breaks as a

range from one-to-two hours.  The ALJ failed to explain why she did not account for

these limitations, and they were thus not in the RFC finding or the question to the

vocational expert.  This is error requiring a remand.  Without such an explanation, I

cannot conclude that substantial evidence in the record exists to support the ALJ's

determination.  *Confere v. Astrue*, No. 06-4217, 2007 WL 1196520, at *3 (10th Cir. April

24, 2007) (unpublished) (remanding where the ALJ's RFC reflected some of the

limitations identified by the state agency physicians, as the ALJ should have explained

why he rejected some of the limitations) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208

(10th Cir. 2007)); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir.2008)

(the ALJ may not "pick and choose among medical reports, using portions of evidence

favorable to his position while ignoring other evidence"). Dr. Borja's statements about Plaintiff's condition or impairments "are specific medical findings" which the ALJ erred in rejecting in the absence of conflicting medical evidence. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

The Commissioner makes numerous arguments as to why the ALJ did not err in regard to Dr. Borja's opinion; however; many of these are improper post hoc rationales never advanced by the ALJ. The Commissioner also makes improper lay judgments about the impact (or lack thereof) of the three limitations imposed by Dr. Borja that the ALJ did not address on Plaintiff's ability to perform his past work. This is also error. As the Tenth Circuit noted in *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991), whenever a claimant's RFC is diminished by both exertional and nonexertional impairments, the Commissioner must produce expert vocational testimony or other similar evidence to establish the existence of jobs".[1]

The ALJ also did not offer any reason for giving more weigh to the opinion of examining physician Dr. Borja than was given to Plaintiff's treating physician Dr. Luna. "The opinion of an examining physician is generally entitled to less weight than that of a treating physician. . . ." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The ALJ must explain why the opinion of the examining physician deserves to outweigh the opinion of the treating physician, and not the other way around. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). This is another basis for remand.

---

[1] I reject the Commissioner's argument that Dr. Borja's finding that Plaintiff must take a break every one to two hours is consistent with a regular workday. While regular breaks are permitted every two hours in a workday, Dr. Borja's finding necessarily implies that Plaintiff must be able to take breaks every hour, if needed. This is not permitted in a regular work day.

3.     Failure to Make a Function by Function Assessment

Finally, Plaintiff argues that the ALJ erred in connection with the RFC

assessment as she found that Plaintiff is capable of performing light work without

making a function-by-function analysis.  I agree, and find this was not harmless error.

An RFC "must include a narrative discussion describing how the evidence supports

each conclusion, citing *specific* medical facts. . . and nonmedical evidence." *Southard*

*v. Barnhart*, 72 F. App'x 781, 784 (10th Cir. July 28, 2003) (unpublished) (citing SSR 96-

8p, 1996 WL 374184, at *7).  The ALJ also must conduct a "function-by-function

assessment based on all the relevant evidence." *Id.*  This assessment, which

encompasses seven strength demands, is required before determining what exertional

category of work is allowed by that RFC.  SSR 96-8, 1996 WL 374184, at *7.  That is

because all of the limitations taken in combination may result in a different outcome

than treating them separately.

I agree with Plaintiff that the ALJ erred by failing to make this function-by-function

assessment before finding that Plaintiff can perform light work, particularly given the

contradictory evidence regarding Plaintiff's physical restrictions and the ALJ's errors in

weighing the opinions of Drs. Luna and Borja as discussed above.  *See Jimison ex rel.*

*Sims. v. Colvin*, 513 F. App'x 789, 792-03 (10th Cir. 2013) (finding ALJ's failure to

conduct a function-by-function assessment was not reversible error absent findings in

the medical record that conflicted with the ten pound lifting requirement of sedentary

work) (unpublished).  The ALJ's finding of light work, without stating the specific abilities

to lift, carry, sit and stand, constitutes a bare conclusion beyond meaningful review.

*See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996).

The ALJ's failure to conduct a function-by-function analysis is also problematic in this case because I cannot determine how the ALJ treated Plaintiff's testimony. Plaintiff testified that he can sit for fifteen minutes at one time (AR 47), stand or walk for fifteen minutes at one time (*id.* 53), and has to lie down during the day (*id.* 49). Further, according to the ALJ, Plaintiff "reported problems with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and completing tasks." (*Id.* 28.)

The ALJ found that Plaintiff's "impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 30). The Seventh Circuit has found, and I agree, that this is a boilerplate statement that is meaningless because it "yields no clue to what weight the trier of fact gave the testimony." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir.2010). The ALJ did not specify which parts of Plaintiff's testimony are credible, how the testimony was weighed, or how the testimony was accounted for in the RFC finding. The ALJ's discussion of how Plaintiff's testimony conflicts with the medical evidence (AR 28-29) does not resolve these issues.

This error is particularly significant in this case because if Plaintiff cannot perform his past work, he would be found disabled under Grid Rule 202.06, even at the light exertional level, given Plaintiff's advanced age, education, and past work. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Thus, if Plaintiff is not able to complete the requirements of his past security guard work, he would be found disabled because all

his other work has a higher exertional level than the ALJ found Plaintiff can perform.

Accordingly, this is another ground for remand.

III.    <u>CONCLUSION</u>

In conclusion, I find that the ALJ erred in his weighing of the treating physician's

opinion and in connection with Dr. Borja's opinion.  I also find that the ALJ erred in not

conducting a function-by-function assessment of Plaintiff's RFC.  While Plaintiff

requests reversal and an immediate award of benefits, I find that this case must be

remanded for further fact finding.  *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir.

1989) (outright reversal and remand for immediate award of benefits is appropriate only

when additional fact finding would serve no useful purpose.). It is therefore

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner

for further fact finding as directed in this Order pursuant to sentence four in 42 U.S.C.

§ 405(g).

Dated:  July 14, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge